■  CHARLES OLSEN, Respondent, v. MORRIS KNITTLE, Doing Business as EVERGLADES RESTAURANT, Appellant.— Order, entered May 29, 1963, unanimously reversed, on the law and the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and defendant-appellant's motion to dismiss for lack of prosecution granted, with $10 costs. This is a personal injury action grounded in negligence. In October, 1960 issue was joined and the defendant served a demand for a bill of particulars. The plaintiff did not respond and did nothing in the matter of the prosecution of the action until January, 1963 (27 months after joinder of issue), when he served a notice that he was available for physical examination and demanded that the defendant proceed therefor. On April 17, 1963, plaintiff served a bill of particulars, statement of readiness and note of issue. Thereafter, on April 23, 1963, defendant's motion to dismiss for lack of prosecution was made. The inordinate delay of 27 months in the processing of this action for trial is not excusable on the ground that plaintiff had moved and did not notify his attorneys of his new address. "Excuses for avoidable delay are insufficient which merely lay the delay at the door of the plaintiff himself". (*Sortino* v. *Fisher,* 20 A D 2d 25, 29.) And plaintiff's belated activity in the matter is not acceptable as a defense to this motion. (*Sortino* v. *Fisher, supra,* pp. 30, 31 and cases cited.) Furthermore, plaintiff has not sustained his burden of factually showing merit to the action; his affidavit lacks evidentiary facts and is merely conclusory. (See *Sortino* v. *Fisher, supra*; also *Gallagher* v. *Clafington, Inc.,* 7 A D 2d 627; *Fee* v. *Schwartz,* 17 A D 2d 805.) Finally, defendant's service, following the motion to dismiss, of a notice for the physical examination of plaintiff, does not, on the theory of waiver, operate to defeat the motion. The service of this notice by defendant, not followed up by the holding of an examination of plaintiff, being merely in the nature of another defensive and protective procedure in the action, was not such a forward step therein as to constitute a waiver. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.